UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-183-RJC

| | |
|---|---|
| FELICIA ANN UNDERDUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| WELLS FARGO BANK, N.A., and ) | |
| ILA N. PATEL, KENDRA BROWN, ) | |
| SUSAN LYBRAND ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Wells Fargo Bank, N.A., (Wells Fargo), Ila Patel, (Patel), Kendra Brown, (Brown), and Susan Lybrand's, (Lybrand), (collectively: Defendants) Motion to Dismiss, (Doc. 7), and the related briefs and filings.

**I.   BACKGROUND**

   A.   Procedural Background

Plaintiff, who is proceeding pro se, filed her Amended Complaint on April 14, 2014, alleging three causes of action: employment discrimination, intentional infliction of emotional distress (IIED), and tortious interference with a contract. (Doc. 3). On May 12, 2014, Defendants moved to dismiss Plaintiff's claim under Rule 12(b)(6).

   B.   Factual Background

Plaintiff Felicia Ann Underdue started working for First Union Bank (now Wells Fargo) in 1997 in the online service department. She resigned in 1999 and returned to her position in 2000, where she has remained through the present. (Doc. 3). She has been supervised by Patel, Brown, and Lybrand. (Id.). In her complaint, Plaintiff cites a host of incidents perpetrated by

1

Defendants that were allegedly designed to create a hostile work environment and to thwart Plaintiff's ability to be promoted out of the department. (Id.).

Plaintiff makes three claims against Defendants, alleging that she is disabled, suffering from both physical and mental disabilities, and that Defendants excluded her from training opportunities that would have allowed her to be promoted while less experienced employees were offered training and promoted above her. (Id.). Furthermore, she cites several incidents in which Defendants "bullied her." (Id.). The workplace abuse alleged includes: scheduling training "during stressful periods of [Plaintiff]'s life," such as after the death of her father or the week her son was ordered to appear in court; issuing probation for a time sheet error; lying about vacation and scheduling policies; and, forcing Plaintiff to use vacation time or allotted community service time to attend work sponsored events. (Id.).

Plaintiff claims relief under the Americans with Disabilities Act and North Carolina public policy ensuring Equal Employment Practices Act in Count One; intentional infliction of emotional distress in Count Two; and tortious interference with a contract in Count Three. (Id.).

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy this Rule 8 requirement, the showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v.

American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although the Court must consider all well-pled allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

The Court takes the allegations in Plaintiff's complaint as true; furthermore, the Court interprets the pleadings liberally as Plaintiff proceeds pro se.

### A. Employment Discrimination

Plaintiff alleges that Defendants bullied her in order to prevent her from attending training seminars that would have made her eligible for promotions. (Doc. 3). She requests relief both under the Americans with Disabilities Act and the North Carolina Equal Employment Practices Act (NCEEPA).

A prima facie case for an ADA claim requires: (1) that Plaintiff is disabled within the meaning of the ADA; (2) that Plaintiff has not been given reasonable accommodation; and, (3) that Plaintiff was terminated or subjected to an adverse decision because of her disability. 42 U.S.C.A. § 12101 et seq. Although not set out in formulaic terms, Plaintiff's Complaint appears to allege that Plaintiff suffers from generic "physical and mental disabilities" and that Defendants intentionally thwarted her ability to be promoted, thereby causing her emotional

3

distress. (Doc. 3). Although she has alleged a disability, Plaintiff has not alleged that the Defendants knew of or failed to accommodate her disability. Finally, the Plaintiff has not been terminated and has not provided facts that she has been subject to an adverse employment action. Even construed liberally and in the light most favorable to the Plaintiff, the Complaint fails to state the elements of an ADA claim.

Plaintiff's claim also fails as a matter of law because "neither the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA," but instead have generally applied the NCEEPA only to common law wrongful discharge claims. See <u>Bendross v. Town of Huntersville</u>, 582 S.E.2d 726 (N.C. App. 2003). Thus, while Plaintiff remains employed and under the supervision of Defendants, she has no legal recourse under the NCEEPA.

B.      <u>Intentional Infliction of Emotional Distress</u>

Plaintiff's second cause of action alleges intentional infliction of emotional distress (IIED) for a series of "pot-shots" and bullying tactics inflicted by Defendants. Examples of such include: requesting that Plaintiff make corrections to time sheets; making Plaintiff use vacation and community service hours to attend work sponsored events; scheduling training during stressful periods of Plaintiff's life; and, failing to prevent her from having an asthma attack. (Doc. 3). Plaintiff alleges that Defendants' actions constituted "extremely outrageous conduct" that resulted in "ongoing severe emotional and mental distress including crying spells, depression." (Doc. 3).

IIED claims require a showing of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Guthrie v. Conroy</u>, 567 S.E.2d 403, 408-09 (N.C.

App. 2002). Generally, wrongful termination or adverse actions in the workplace do not constitute "extreme and outrageous conduct" sufficient to support an IIED claim. Frazier v. First Union Nat'l Bank, 747 F. Supp. 1540, 1553 (W.D.N.C. 1990). Plaintiff's allegations do not rise to the level required by law.

      C.      Tortious Interference with a Contract

In her third cause of action, Plaintiff alleges tortious interference with contractual rights. Although not alleged specifically in her Complaint, Plaintiff appears to claim that Defendants interfered with her employment contract by excluding her from promotional opportunities. The elements of tortious interference are: (1) the existence of a valid contract between plaintiff and a third party; (2) knowledge by defendant of the contract; (3) acts by defendant to intentionally induce the third party not to perform the contract; (4) that defendant's acts were committed without justification; and, (5) actual damage to the plaintiff. Barker v. Kimberly-Clark Corp., 524 S.E.2d 821, 826 (N.C. App. 2000) (internal citations omitted).

Plaintiff's claim fails as she did not allege the existence of a contract or that Defendants knew of the contract. Even assuming the existence of an employment contract, Defendants are employers and supervisors of the Plaintiff and are parties to the alleged contract. A tortious interference claim requires the defendant to be a third party to the contract and to have taken intentional actions to interfere with a party's duties under the contract. (Id.). Plaintiff's third cause of action fails as a matter of law.

In light of the above, Plaintiff has failed to plead sufficient factual content to state a claim for employment discrimination, IIED, or tortious interference with a contractual relationship. Accordingly, the Court **GRANTS** Defendants' motion to dismiss for failure to state a claim. (Doc. 7).

## IV.     CONCLUSION

Having failed to plead sufficient factual content to support any of her claims, the Court **GRANTS** Defendants' motion to dismiss (Doc. 7) and **DISMISSES this case with prejudice.**

The Clerk of Court is directed to close this case.

Signed: August 13, 2014

Robert J. Conrad, Jr.
United States District Judge