UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-183-RJC

| FELICIA ANN UNDERDUE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, (Doc. No. 33); Plaintiff's Response in Opposition, (Doc. No. 36); and the related pleadings.

I. BACKGROUND

A. First Amended Complaint

Plaintiff, pro se, filed a Complaint on April 14, 2014, against Wells Fargo, N.A. (Wells Fargo), and her three supervisors.[1] (Doc. No. 1). The only document attached to the Complaint was the United States Equal Employment Opportunity Commission (EEOC) Dismissal and Notice of Rights dated January 28, 2014. (Id. at Exhibit 1). On April 15, 2014, Plaintiff filed an Amended Complaint detailing three causes of action: employment discrimination in violation of the Americans with Disabilities Act (ADA) and the North Carolina Equal Employment Practices Act (NCEEPA), intentional infliction of emotional distress (IIED), and tortious interference with a contract. (Doc. No. 3).

---

[1] Although the pleading was styled for North Carolina state court, it was filed in this federal district court.

1

On May 12, 2014, Wells Fargo and the three individuals moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Criminal Procedure for failure to state a claim. (Doc. No. 7). This Court dismissed with prejudice all claims as to all Defendants, finding that Plaintiff had failed to allege a prima facie case under the ADA; that the NCEEPA did not provide a private cause of action because Plaintiff was not discharged; that Plaintiff's IIED claim based on adverse employment action failed as a matter of law; and that the named individuals, employees of Wells Fargo, could not tortuously interfere with an employment contract to which they were parties. (Doc. No. 16: Order at 3-5).

On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the dismissal with prejudice of the ADA claims against the individuals and the claims under North Carolina law in their entirety. Underdue v. Wells Fargo Bank, N.A., 599 F. App'x 499, 500 (2015). However, the appellate court found that Plaintiff's Complaint failed to establish this Court's subject matter jurisdiction to rule on the merits of the ADA claim against Wells Fargo; therefore, the dismissal of that claim was modified to be without prejudice. Id. Specifically, the Fourth Circuit noted that Plaintiff failed to provide "any information as to the contents of the complaints she filed with the EEOC, so that the district court could assure that it had subject matter jurisdiction to assess the merits of Underdue's allegations." Id. at 500.

B. Second Amended Complaint

Plaintiff then moved to amend her Complaint again "to resolve the issues raised by the 4th Circuit Court of Appeals regarding this court having insufficient information to establish 'subject matter jurisdiction'" and to remove the named individuals as defendants. (Doc. No. 28: Motion at 1-2). After this Court granted the motion, Plaintiff filed her Second Amended Complaint on August 24, 2015, naming only Wells Fargo as Defendant, and listing seven

2

Counts: (I) failure to provide reasonable accommodation under the ADA and Title VII of the Civil Rights Act of 1964 (Title VII); (II) constructive demotion under Title VII; (III) harassment and workplace bullying under Title VII; (IV) retaliation and intimidation under Title VII; (V) age discrimination under Title VII and Age Discrimination Employment Act (ADEA); (VI) hostile work environment under Title VII; and (VII) IIED. (Doc. No. 32). Plaintiff attached eighty-five pages of documents to the Second Amendment Complaint, including materials related to EEOC charges she filed in 2010, 2013, and 2014. (Id., Exhibits 1-14).

Defendant moves to dismiss the Second Amended Complaint with prejudice on the bases that: the ADA, Title VII, and AEDA claims are barred by statutes of limitations; Plaintiff failed to exhaust administrative remedies with respect to her age discrimination claim; Counts II through VII are beyond the scope of the leave to amend granted by the Court; and the IIED claim is barred by res judicata. (Doc. No. 33: Motion; Doc. No. 34: Memorandum). With the filing of Plaintiff's Response in Opposition, (Doc. No. 36), and related pleadings, this matter is ripe for disposition.

II.      STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556

U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, courts are to construe pro se documents liberally, Underdue, 599 F. App'x at 500 n.3 (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and to protect the employee's rights and statutory remedies "to the extent consistent with permissible rules of interpretation." Sydnor v. Fairfax County, Virginia, 681 F.3d 591, 594 (4th Cir. 2012) (quoting Fed. Express Corp. v. Holowecki, 552 U.S. 389, 406 (2008) (internal quotation marks omitted)).

III. DISCUSSION

    A. ADA, Title VII, and AEDA Claims

The ADA, Title VII, and the ADEA share enforcement procedures, including the requirement that a plaintiff must first exhaust administrative remedies before filing a federal lawsuit. Sydnor, 681 F.3d at 593 (Title VII and ADA); Jones v. Calvert Group, Ltd., 531 F.3d 297, 300 (4th Cir. 2009) (Title VII and AEDA); 42 U.S.C.A. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (adopting powers, remedies, and procedures in § 2000(e)-5 for allegations of discrimination based on disability). Generally, a discrimination charge must be filed with the EEOC within 180 days of the alleged unlawful employment practice. Jones, 531 F.3d at 300; 42 U.S.C. § 2000(e)-5(e)(1). The exhaustion requirement serves the purposes of putting the employer on notice of the alleged violations, promoting timely resolution of claims, and allowing the EEOC to use administrative conciliation as the primary means of handling claims. Sydnor, 681 F.3d at 593. Because these goals are undermined when a plaintiff raises claims in litigation that are not raised before the EEOC, the discrimination charge determines the scope of a plaintiff's right to file suit in federal court. Sydnor, 681 F.3d at 593; Jones, 531 F.3d at 300. Thus, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to

4

the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Jones, 531 F.3d at 300. Such a lawsuit must be filed within 90 days of receiving a Notice of Right to Sue, Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40, 42 (4th Cir. 1993); 42 U.S.C.A. § 2000e-5(f)(1), and a plaintiff's failure to exhaust administrative remedies deprives the federal courts of subject matter jurisdiction over the claim," Jones, 531 F.3d at 300.

Here, it does not appear that Plaintiff filed suit after the EEOC dismissed her two prior charges and notified her on October 12, 2011, and October 24, 2013, of her right to sue. (Doc. No. 32: Second Amended Complaint, Exhibit 5). In her third charge, which resulted in the instant suit, Plaintiff checked the box for "continuing action," and listed the dates that discrimination took place as between December 1, 2012, and January 27, 2014, but only checked "retaliation" as the reason for discrimination.[2] (Id. at Exhibit 6). In the narrative portion of the form, she wrote the particulars:

> I am a person with a disability. I was hired for the position of Banker in November 2000. During my employment I have requested training and have been denied. I am also being harassed by Jeremy Whicker, Manager, Kendra Brown, Supervisor, Susan Lybrand, Supervisor and Ila Patel, Manager. I feel I have been continually denied training due to the harassment and my race, sex, and disability. I have previously filed charges with the EEOC against my employer, the most recent being 430-2013-01493.
>
> I have not been informed why I am not being trained.
>
> I believe I have been retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended and in violation of the Americans with Disabilities Act of 1990, as amended.

(Id.).

---

[2] Although Plaintiff attached additional documents filed with the EEOC relating to her first and second charges, such as intake questionnaires, Defendant's response, and other correspondence, she only attached the Charge of Discrimination and Dismissal and Notice of Rights relating to the third charge. (Doc. No. 32: Second Amended Complaint, Exhibits 5, 6).

5

Even under the most liberal reading of the charge, Plaintiff makes no allegation of discrimination based on age. Therefore, as Defendant asserts, (Doc. No. 34: Memorandum at 9-10), the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim in Count V of the Second Amended Complaint related to the AEDA based on her failure to exhaust administrative remedies. See Jones, 551 F.3d at 301 (holding that the trial court lacked subject matter jurisdiction to adjudicate a plaintiff's claims for age, sex, or race discrimination when "she checked only the 'retaliation' box on her EEOC charge and left unchecked the boxes for 'age,' 'sex,' or 'race.'").

Plaintiff's second EEOC charge alleged discrimination based on race, sex, retaliation, and disability between December 1, 2012, and May 6, 2013, with a nearly identical narrative portion as the third charge. (Doc. No. 32: Second Amended Complaint, Exhibit 5). As noted above, Plaintiff did not file suit following the issuance of the Notice of Rights on October 24, 2013; therefore, 90 day statute of limitations for filing suit, which Defendant asserts as a defense, (Doc. No. 34: Memorandum at 12), prohibits consideration of alleged violations related to Counts I through VI during that time frame. Watts-Means, 7 F.3d at 42; 42 U.S.C. § 2000e-5(f)(1).

Considering the 180 day time period which limits the conduct at issue in the third EEOC charge filed on January 27, 2014, and construing Plaintiff's EEOC charge and the Second Amended Complaint liberally, the record is devoid of any allegation detailing conduct on or after July 31, 2013. Although the narrative portion of the charge is written in the present tense regarding harassment, her allegations of discrete discriminatory acts, such as denying her requests for training, require a showing they occurred within the limitations period. Holland v. Washington Homes, Inc., 487 F.3d 208, 220 (4th Cir. 2007). Additionally, while a plaintiff may raise a retaliation claim for the first time in federal court, Jones, 551 F.3d at 302, no allegations

6

in the Second Amended Complaint[3] or attached exhibits[4] show the date of discriminatory acts within 180 days of her filing the third EEOC charge or after. (Doc. No. 32). Accordingly, as Defendant asserts, (Doc. No. 34: Memorandum at 13-15), Plaintiff's ADA and Title VII claims in Counts I through VI of the Second Amended Complaint are time barred. Jones, 531 F.3d at 300.

B. IIED Claim

Plaintiff's Second Amended Complaint contains a claim against Defendant for intentional infliction of emotional distress. This claim is precluded under the doctrine of res judicata because the Fourth Circuit affirmed on appeal the dismissal of the same claim in Plaintiff's First Amended Complaint.

Res judicata applies, and a claim becomes precluded, when the party relying on the defense establishes: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties . . . in the two suits."

---

[3] Plaintiff asserts she informed Wells Fargo in September 2006 that her work was too stressful, that her position changed in October 2006, after which she became subject to a hostile work environment and an "attack" in November 2006 by the alteration of her timesheet. (Doc. No. 32: Second Amended Complaint at §§ 12-17). In September 2007 her position changed again leading to "mental break downs" lasting until her last day of work on October 29, 2014. (Id. at §19). Plaintiff claims that by August 2010 she was the last of the original staff to be trained, yet newer hires were trained. (Id. at § 20). Plaintiff's complaints about being denied training are not dated, (Id. at §§ 21-23, 26), but referenced documents include email messages from 2010 and training course reports from June 2010 and June 2013, (Id. at Exhibits 1, 2, 3, 14).

[4] Exhibits 1 and 2 contain email messages from 2010. Exhibit 3 is a Wells Fargo Learning Center Report from 2010. Exhibit 4 contains the EEOC Intake Questionnaire and Charge of Discrimination from 2010. Exhibits 5 and 6 contain additional documents related to the 2010 charge. Another document noted as Exhibit 5 contains documents related to the 2013 EEOC charge. Another document noted as Exhibit 6 contains documents related to the 2014 EEOC charge. Exhibit 7 is letter from 2000. Exhibit 8 contains email messages from 2006. Exhibit 9 is letter from 2006. Exhibit 10 contains email messages from 2006 and 2007. No documents are labeled as Exhibits 11 or 12. Exhibit 13 contains mental health records and communication from 2009 through 2011. Exhibit 14 is a Progress by Learner Report run on June 4, 2013.

Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). Here, this Court dismissed Plaintiff's IIED claim on the merits, (Doc. No. 16: Order at 4-5), and the Fourth Circuit affirmed that ruling, stating this Court "correctly dismissed . . . the North Carolina tort claims in their entirety." Underdue, 599 F. App'x at 500. That decision became final when Plaintiff did not seek review by the Supreme Court. In both complaints, Plaintiff alleges workplace bullying, denial of training opportunities, and falsification of business records by her supervisors at Wells Fargo, for which she seeks to hold Defendant responsible for psychological and physical injuries. (Compare Doc. No. 3: Amended Complaint at 5-7 with Doc. No. 32: Second Amended Complaint at 6); See Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990)(holding that the proper inquiry for identity of the causes of action is whether "the new claim arises out of the same transaction . . . as the [prior] claim"). Finally, both Plaintiff and Defendant were parties in the prior Complaint. Underdue, 599 F. App'x at 500. Therefore, Plaintiff's claim for IIED in Count VII must be dismissed with prejudice under the doctrine of res judicata.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 33), is **GRANTED**, and Plaintiff's Second Amended Complaint is **DISMISSED** in its entirety. Specifically, Plaintiff's claims in Counts I through VI are dismissed for lack of subject matter jurisdiction and Count VII is dismissed with prejudice under the doctrine of res judicata.

The Clerk of Court is directed to close this case.

Signed: June 20, 2016

Robert J. Conrad, Jr.
United States District Judge