UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-183-RJC

| FELICIA A. UNDERDUE, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| WELLS FARGO BANK, N.A., | ) |
| Defendant(s). | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Extension of Time, (Doc. No. 53); Defendant's Response, (Doc. No. 56); Plaintiff's Motion to Appoint Counsel, (Doc. No. 54); Defendant's Response, (Doc. No. 57); Plaintiff's Motion to Remand to the Equal Employment Opportunity Commission ("EEOC"), (Doc. No. 55); and Defendant's Response, (Doc. No. 58).

I. BACKGROUND

A. Plaintiff's First Amended Complaint

Plaintiff, pro se, filed a Complaint on April 14, 2014, against Wells Fargo, N.A. (Wells Fargo), and her three supervisors.[1] (Doc. No. 1). The only document attached to the Complaint was the United States Equal Employment Opportunity Commission (EEOC) Dismissal and Notice of Rights dated January 28, 2014. (Id. at Exhibit 1). On April 15, 2014, Plaintiff filed an Amended Complaint detailing three causes of

---

[1] Although the pleading was styled for North Carolina state court, it was filed in this federal district court.

action: employment discrimination in violation of the Americans with Disabilities Act (ADA) and the North Carolina Equal Employment Practices Act (NCEEPA), intentional infliction of emotional distress (IIED), and tortious interference with a contract. (Doc. No. 3).

On May 12, 2014, Wells Fargo and the three individuals moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Criminal Procedure for failure to state a claim. (Doc. No. 7). This Court dismissed with prejudice all claims as to all Defendants, finding that Plaintiff had failed to allege a prima facie case under the ADA; that the NCEEPA did not provide a private cause of action because Plaintiff was not discharged; that Plaintiff's IIED claim based on adverse employment action failed as a matter of law; and that the named individuals, employees of Wells Fargo, could not tortuously interfere with an employment contract to which they were parties. (Doc. No. 16: Order at 3-5).

On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the dismissal with prejudice of the ADA claims against the individuals and the claims under North Carolina law in their entirety. Underdue v. Wells Fargo Bank, N.A., 599 F. App'x 499, 500 (2015). However, the appellate court found that Plaintiff's Complaint failed to establish this Court's subject matter jurisdiction to rule on the merits of the ADA claim against Wells Fargo; therefore, the dismissal of that claim was modified to be without prejudice. Id. Specifically, the Fourth Circuit noted that Plaintiff failed to provide "any information as to the contents of the complaints she filed with the EEOC, so that the district court could assure that it had subject matter

jurisdiction to assess the merits of Underdue's allegations." Id. at 500.

B. Plaintiff's Second Amended Complaint

Plaintiff then moved to amend her Complaint again "to resolve the issues raised by the 4th Circuit Court of Appeals regarding this court having insufficient information to establish 'subject matter jurisdiction'" and to remove the named individuals as defendants. (Doc. No. 28 at 1-2). After this Court granted the motion, Plaintiff filed her Second Amended Complaint on August 24, 2015, naming only Wells Fargo as Defendant, and listing seven Counts: (I) failure to provide reasonable accommodation under the ADA and Title VII of the Civil Rights Act of 1964 (Title VII); (II) constructive demotion under Title VII; (III) harassment and workplace bullying under Title VII; (IV) retaliation and intimidation under Title VII; (V) age discrimination under Title VII and Age Discrimination Employment Act (ADEA); (VI) hostile work environment under Title VII; and (VII) IIED. (Doc. No. 32). Plaintiff attached eighty-five pages of documents to the Second Amendment Complaint, including materials related to EEOC charges she filed in 2010, 2013, and 2014. (Id., Exhibits 1-14).

Defendant then moved to dismiss the Second Amended Complaint with prejudice on the bases that: the ADA, Title VII, and AEDA claims are barred by statutes of limitations; Plaintiff failed to exhaust administrative remedies with respect to her age discrimination claim; Counts II through VII are beyond the scope of the leave to amend granted by the Court; and the IIED claim is barred by res judicata. (Doc. Nos. 33, 34). This Court granted Defendant's motion and dismissed

Plaintiff's Second Amended Complaint in its entirety. (Doc. No. 41). Specifically, the Court ruled that Plaintiff's Claims in Counts I through VI were dismissed for lack of subject matter jurisdiction and Count VII was dismissed with prejudice under the doctrine of res judicata. (Id.).

On appeal, the United States Court of Appeals for the Fourth Circuit affirmed in part, as modified, this Court's dismissal of Plaintiff's Second Complaint. (Doc. No. 46). In its unpublished opinion, the Fourth Circuit ruled that this Court properly dismissed Plaintiff's claim for IIED but found that the dismissal of Plaintiff's AEDA claim was without prejudice. (Id.). The Fourth Circuit also clarified that the timeliness of an EEOC charge was not a jurisdictional matter and therefore Plaintiff's Title VII and ADA claims were dismissed for failure to state a claim for which relief could be granted. (Id.).

### C. Plaintiff's New Motions to Amend Her Complaint

After the Fourth Circuit affirmed this Court's dismissal of Plaintiff's Second Amended Complaint and the case was terminated, Plaintiff submitted another motion to amend her complaint in May of 2017. (Doc. No 48). Within this motion, Plaintiff cited Rule 15 of the Federal Rules of Civil Procedure and stated that her new complaint would resolve the issues raised by this Court and the Fourth Circuit. (Id.). Defendant responded with a memorandum in opposition, arguing that Plaintiff should be required to submit a proposed Third Amended Complaint before this Court ruled on her motion. (Doc. No. 50 at 4).

In June of 2017, Plaintiff filed yet another motion to amend before the Court ruled on Plaintiffs May 2017 motion. (Doc. No. 51 ¶ 2). Within this new motion,

Plaintiff requested this Court to deny Defendant the ability to receive a proposed amended complaint, as well as the opportunity to respond, prior to this Court ruling on the issue. (Id. at ¶ 1). Plaintiff also requested the appointment of counsel for assistance with her complaint. (Id. ¶ 2). Plaintiff then stated that she succeeded in exhausting her administrative remedies. (Id. at ¶ 5).

On January 8, 2018, this Court assessed Plaintiff's two latest Motions to Amend. In doing so, the Court denied the first of the two motions, (Doc. No. 48), as moot. (Doc. No. 52). The Court then noticed that Plaintiff failed to attach an amended complaint to her second motion, (Doc. No. 51), and, as a result, gave Plaintiff 30 days to attach the needed amended complaint. (Id.).

Plaintiff now presents three additional motions before the Court. Plaintiff motions first for an extension of time to attach her complaint pursuant to the Court's previous order. (Doc. No. 53). Plaintiff also motions this Court to appoint her counsel and to remand the proceeding to the EEOC. (Doc. Nos. 54, 55).

## II. DISCUSSION

### A. Plaintiff's Motion for Extension of Time

Plaintiff first moves this Court to grant her an extension of time in order to attach the requisite amended complaint to her June 14, 2017 motion to amend, (Doc. No. 51). (Doc. No. 53). In her motion, Plaintiff states that she was summoned to serve as a juror in a criminal case in New Jersey. (Id. at 1). Defendant does not oppose Plaintiff's motion so long as the Court "specify a date certain for Plaintiff to submit a proposed amended complaint." (Doc. No. 56 at 2).

The Court will grant Plaintiff a two-week extension. If Plaintiff fails to file a motion to amend with attached amended complaint by the deadline, the Court will dismiss the matter without prejudice. The Court will point out to Plaintiff that "without prejudice" means "[a] dismissal that *does not bar* the plaintiff from refiling the lawsuit within the applicable limitations period." DISMISSAL, Black's Law Dictionary (10th ed. 2014) (emphasis added).

    B. <u>Plaintiff's Motion to Appoint Counsel</u>

Plaintiff next moves this Court to appoint her counsel. (Doc. No. 54). Plaintiff's motion merely states, "Plaintiff, Felicia Ann Underdue respectfully request that legal counsel be provided to ensure justice is received due to the reported civil rights violations reported to this court." (<u>Id.</u>).

There is no constitutional right to counsel in civil cases. <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975). While the Court may exercise its discretion to appoint counsel for *pro se* litigants, it may only do so in "exceptional cases." <u>Id.</u> "The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individuals bringing it." <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984), <u>abrogated on other grounds by</u> <u>Mallard v. U.S. Dist. Court for S. Dist. of Iowa</u>, 490 U.S. 296 (1989). <u>See also</u> <u>Seba v. Joyner</u>, No. 5:16-CT-3051-BO, 2017 WL 2062872, at *4 (E.D.N.C. May 12, 2017). The Court does not yet believe that this case has reached a point of complexity warranting the appointment of counsel. <u>See</u> <u>Hildebrand v. PBM Graphics, Inc.</u>, No. 5:13-CV-15-BO, 2013 WL 3357741, at *2 (E.D.N.C. July 2, 2013) (finding a run-of-the-mill

employment discrimination did not "merit special encouragement from the Court to proceed," making it "proper to deny the plaintiff's motion for appointment of counsel.").

    C. Plaintiff's Motion to Remand to the EEOC

Plaintiff's third motion to this Court requests a remand to the EEOC. (Doc. No. 55). Plaintiff states that she intends to "address the failed administrative remedies that should have been properly addressed by the EEOC when she reported the CONTINUED civil rights violations that she was experiencing with the Defendant." (Id. at 1–2) (emphasis in original). Plaintiff claims that the EEOC failed to research the reported retaliations that allegedly continued against her. (Id. at 2).

Plaintiff cites no authority that gives this Court the ability to remand a proceeding to the EEOC. In contrast, Defendant does cite authority suggesting that no such ability exists. (Doc. No. 58) (citing Williams v. Providence Hosp./Providence Health Sys., 16-515-WS-N, 2016 WL 7743034, at n.2 (S.D. Ala. Dec. 21, 2016) ("Plaintiff's Motion to Remand to the EEOC is hereby denied as the relief requested is not of the sort that this Court can provide); Washington v. Client Network Servs., Inc., No. 11-01331, 2013 WL 3819381, n.1 (E.D. Pa. July 24, 2013) ("The Court cannot remand this matter to the EEOC because plaintiff's EEOC matter is closed."); Wood v. Cent. Parking Sys. of Penn., Inc., No. CIV. A. 99-3022, 2000 WL 873310, at n.10 (E.D. Pa. June 23, 2000) ("[F]ormal 'remand' to the EEOC is not an option."); but see Carraway v. Postmaster Gen. of U.S., 678 F. Supp. 125, 129 (D. Md. 1988) (remanding action to EEOC to determine appropriate award due to contradictory language in

EEOC's decision). Due to Defendant's persuasive arguments, the Court will not attempt to remand this case to the EEOC.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Extension of Time, (Doc. No. 53), is **GRANTED** to allow two weeks for Plaintiff to attach an amended complaint to her June 14, 2016 motion;
2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 54), is **DENIED**; and
3. Plaintiff's Motion to Remand to the EEOC, (Doc. No. 55), is **DENIED**.

Signed: March 2, 2018

Robert J. Conrad, Jr.
United States District Judge