UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00183-RJC

| | |
|---|---|
| FELICIA ANN UNDERDUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration. (Doc. No. 71.) The motion is ripe for adjudication.

## I. BACKGROUND

On March 12, 2018, this Court entered an order (1) granting Plaintiff an extension of time to file a motion to amend with a proposed amended complaint, (2) denying Plaintiff's Motion to Appoint Counsel, and (3) denying Plaintiff's Motion to Remand to the EEOC. (Doc. No. 62.) On March 5, 2019—almost one year later—Plaintiff filed the instant motion requesting that the Court reconsider its decision. (Doc. No. 71.)

## II. STANDARD OF REVIEW

"The Federal Rules of Civil Procedure do not specifically contain a 'motion for reconsideration.' Such motions, however, are allowed in certain, limited circumstances." Wiseman v. First Citizens Bank & Tr. Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003). "A motion to reconsider is appropriate when the court has obviously

misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp., 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005). "Such problems rarely arise and the motion to reconsider should be equally rare." Wiseman, 215 F.R.D. at 509 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). "An improper use of the motion to reconsider can waste judicial resources and obstruct the efficient administration of justice." United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C. 2003) (quotation marks omitted) (quoting Fidelity State Bank v. Oles, 130 B.R. 578, 581 (D. Kan. 1991)). Thus, "[i]t is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through – rightly or wrongly." Wiseman, 215 F.R.D. at 509 (quotation marks omitted).

### III. DISCUSSION

Plaintiff fails to show why reconsideration is appropriate. Plaintiff has neither presented newly discovered evidence nor shown that the Court obviously misapprehended the facts or applicable law. A motion to reconsider "is not to present a better and more compelling argument that the party could have presented in the original briefs." Madison, 402 F. Supp. 2d at 619. Therefore, Plaintiff's Motion for Reconsideration is denied.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration,

2

(Doc. No. 71), is **DENIED**.

Signed: October 10, 2019

Robert J. Conrad, Jr.
United States District Judge